UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NORCOM RESEARCH, LLC,

        Plaintiff,

v.

NET2PHONE GLOBAL SERVICES, LLC,

        Defendant.

Civil Action No. 20-12592 (SRC)

**OPINION & ORDER**

**CHESLER**, District Judge

    This matter comes before this Court on Plaintiff's motion for reconsideration of this Court's dismissal with prejudice of Plaintiff's claims for unjust enrichment, breach of the covenant of good faith and fair dealing, and to the extent that it asserted that Plaintiff was due commissions for referrals of independent sales companies ("ISCs") not listed in any of the amendments to the Agreement, Plaintiff's breach of contract claim. Defendant opposes the motion. For the reasons that follow, the motion will be denied.

    On March 26, 2021, this Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's Second Amended Complaint. Plaintiff now seeks reconsideration of this decision on three grounds: (1) the Court erred in concluding that Plaintiff had an adequate legal remedy for its claims related to the ISCs not listed in any of the amendments to the Agreement; (2) the Court's conclusion that Defendant acted in good faith regarding memorialization of ISCs is mistaken both as to facts and the law; and (3) the Court erred in holding that Plaintiff could not

1

legally recover under a breach of contract claim for ISCs that were not listed on a signed amendment to the contract.

Motions for reconsideration are governed by Local Civil Rule 7.1(i). Under the rule, a party seeking reconsideration must identify factual matters or controlling decisions of law that were overlooked by the court in reaching its prior decision. Bryan v. Shah, 351 F. Supp. 2d 295, 297 n. 2 (D.N.J. 2005); Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002). To obtain the remedy of reconsideration, the moving party must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" Rich v. State, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc., No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). It is, indeed, well-settled that a party's "mere disagreement" with a court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). In the District of New Jersey, reconsideration has consistently been viewed as "an extraordinary remedy" to be granted "very sparingly." White v. City of Trenton, 848 F. Supp. 2d 497, 500 (D.N.J. 2012) (quoting Interfaith Cmty. Org., 215 F. Supp. 2d at 507). Applying this standard, the Court finds that Plaintiff fails to demonstrate that one or more of the proper grounds for reconsideration is present, and thus that the motion for reconsideration must be denied.

Beginning with the Court's dismissal of Plaintiff's unjust enrichment claim, Plaintiff argues that the Court erred in concluding that Plaintiff had an adequate legal remedy for its claims related to the ISCs not listed in any of the amendments to the Agreement. More specifically, Plaintiff claims that, because the Court held that Plaintiff could not bring a breach of contract claim relating to any ISCs not listed in any of the amendments to the Agreement, Plaintiff therefore did not have an adequate remedy at law for those claims, and thus that its claim for unjust enrichment should have been allowed to stand. However, in putting forth this argument, Plaintiff's reconsideration brief does not point to any intervening changes in controlling law or new evidence. Rather, Plaintiff contends that this Court's conclusion is clearly in error. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). While the Court appreciates that Plaintiff disagrees with its conclusion based on the facts and law at hand, Plaintiff has not pointed to any error so obvious as to be considered a manifest error of law or fact. Rather, the Court previously fully considered Plaintiff's arguments in favor of upholding its unjust enrichment claim, but ultimately concluded that dismissal of this claim was proper. While this conclusion leaves Plaintiff unable to recoup damages for potential commissions due for referrals of ISCs not listed in any amendments to the Agreement (either under a contract claim or a claim for unjust enrichment), the Court was fully aware of this result when making its decision. Plaintiff has always conceded that a valid and enforceable contract governed the parties' commission structure, and as detailed in the Court's original opinion, the Agreement only allowed for commissions to be paid when the referral of an ISC was memorialized in another document. Since, as Plaintiff admits, a valid contract governs, and the referrals of the disputed ISCs were not memorialized in any amendments to the Agreement,

Plaintiff cannot recover commissions for those referrals – either under contract law, or under a claim for unjust enrichment. See Van Orman v. Am. Ins. Co., 680 F.2d 301, 310 (3d Cir. 1982) ("[R]ecovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties."). However unsatisfying this may be for Plaintiff, this conclusion cannot be revisited by Plaintiff on a motion to reconsider simply because Plaintiff disagrees with the Court's decision.

Next, as for the Court's dismissal of Plaintiff's claim for breach of the duty of good faith and fair dealing, Plaintiff argues that the Court's conclusion that Defendant acted in good faith regarding memorialization of ISCs is mistaken both as to facts and the law. In particular, Plaintiff asserts that the Court acted improperly by drawing inferences in Defendant's favor that it acted in good faith by adding other ISCs by amendment, and that by doing so, the Court violated the requirement that it view the allegations and inferences in the light most favorable to Plaintiff at the motion to dismiss stage. Here too, Plaintiff has not demonstrated any changes in controlling law or new evidence and instead is merely trying to revisit issues which the Court already fully considered. While the Court is aware that, at the motion to dismiss stage, it must accept all factual allegations as true and consider the Complaint in the light most favorable to the Plaintiff, its original opinion also made clear that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In its opinion dismissing Plaintiff's claim of breach of the covenant of good faith and fair dealing, the Court was not bound by Plaintiff's *conclusion* that Defendant acted in bad faith, and found that the factual allegations within the Complaint did not support a plausible inference of bad faith, as required under the Iqbal and Twombly pleading standard.

Again, while the Court appreciates that Plaintiff disagrees with its conclusion, that alone is insufficient to support a request for reconsideration.

Finally, Plaintiff also argues that, as for the Court's partial dismissal of its breach of contract claim, the Court erred in holding that Plaintiff could not legally recover under a breach of contract claim for ISCs that were not listed on a signed amendment to the Agreement. Rather, Plaintiff contends that the Agreement obligated Defendant to pay Plaintiff a set commission for any ISC referred, and that while the parties were subsequently required to memorialize the referral of a specific ISC in a separate amendment to the Agreement, according to Plaintiff, this memorialization was not a condition precedent to Plaintiff's right to receive a commission for a referral. However, prior to this motion for reconsideration, Plaintiff never made this argument that whether an ISC was memorialized in an amendment to the Agreement did not affect Plaintiff's ability to recover commissions for an ISC referred. This Court will not grant a motion for reconsideration based on a new argument. Moreover, here as well, Plaintiff has not pointed to any changes in controlling law or new evidence. Rather, Plaintiff has simply argued that the Court's interpretation of this provision in the Agreement was flawed. However, in its previous opinion, the Court came to the conclusion, based on its review of the Agreement and the parties' prior practice, that the Agreement did in fact mean to limit Plaintiff's right to receive commissions to only those ISCs listed in an amendment to the Agreement, and Plaintiff has not shown that this conclusion was a clear error of law or fact, leading to manifest injustice. As such, here too, Plaintiff's mere disagreement with the Court's conclusion is not a proper reason for granting a motion for reconsideration.

In conclusion, Plaintiff has failed to show an intervening change in controlling law, new evidence, or any manifest error of law or fact. Therefore, the motion for reconsideration will be

denied.

For these reasons,

**IT IS** on this 28th day of April, 2021

**ORDERED** that Plaintiff's motion for reconsideration [ECF 36] is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.